**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

SHAWN KING,

           Plaintiff,

     vs.

SUPERINTENDENT TINA WALKER,
SCI FAYETTE SUPERINTENDENT,
ET AL.,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:24-cv-00484

United States District Judge
Christy Criswell Wiegand

United States Magistrate Judge
Christopher B. Brown

**REPORT AND RECOMMENDATION
Re: ECF Nos. 142, 148, 149, and 150**

**Christopher B. Brown, United States Magistrate Judge**

**I.      Recommendation**

Pending before the Court are three motions seeking preliminary injunction relief filed by Plaintiff, Shawn King ("King").  ECF Nos. 142, 148, 149.[1]  King also has filed an Addendum to his motion for preliminary injunction, ECF No. 144, and a motion to submit exhibits to the addendum.  ECF No. 150.  The Corrections Defendants filed a response in opposition to the motion seeking a preliminary injunction.  ECF No. 147.  The motions have been referred to the undersigned for a Report and Recommendation.  For the following reasons, it is respectfully

---

[1]     King titles each of his motions as a Preliminary Injunction / TRO.  Because the Corrections Defendants have been provided with notice and an opportunity to brief these motions before the issuance of an order, the undersigned will consider the motions as a request for preliminary injunction.  *See* Fed. R. Civ. P. 65a)(1), (b).

recommended the three motions seeking preliminary injunction relief be denied as King seeks injunctive relief on impermissible and inappropriate bases, and the motion to submit exhibits be denied as moot.

## II.   REPORT

### A.   Factual and Procedural Background

King is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC").  King's operative pleading is a Third Amended Complaint filed against 17 employees or agents of the DOC over claims that arise from events which allegedly occurred while King was housed at SCI-Fayette.  *See* ECF No. 87.  In February 2026, King was transferred from SCI-Fayette to SCI-Phoenix.  ECF No. 141.

The allegations King raises in the pending motions are premised upon new claims of misconduct by individuals who are not parties to the current litigation and are related to events that allegedly occurred now that he is at SCI-Phoenix.  For example, he contends, *inter alia*

> ● prison officials at SCI-Phoenix have notified him monies will be deducted from his inmate account to pay fines, court costs, and restitution orders in his criminal case, monetary obligations which he contends he has already satisfied; ECF No. 142, ¶¶ 1-4;
>
> ● he has not received his property shipped from SCI-Fayette to SCI-Phoenix; *Id.*, ¶ 6;[2]

---

[2]   It appears King has now received this property as he asserts in the Addendum documents were provided to him on March 3, 2026, but the documents "were apparently sorted through and screened upon delivery by the USPS[.]"  ECF No. 144, ¶ 2.

- he has not received an inmate movement pass to receive his property, while other inmates transferred to SCI-Phoenix on the same bus as King have received their passes; *Id.*, ¶ 7;

- he has not received responses to a number of grievances, has not been provided a PA DOC photo identification card;[3] has not been "seen, examined, or provided medication from SCI-Phoenix medical prison officials"; and has not been provided "orientation, clothing exchange[;]" ECF No. 144, ¶¶ 3-7;

- he has not been provided his monthly allowance of envelopes, ECF No. 148, ¶¶ 2-17, he was released "directly into General Population absent review by PRC and without review by Security Department[,]" *id.*, ¶ 31, and his "medical needs are unmet and largely ignored at SCI-Phoenix[.]" ECF No. 149, ¶ 1.

King contends these actions are part of a "planned, coordinated scheme of retaliation for his two civil actions against prison officials," ECF No. 144, ¶ 10, as well as his "filing approximately twenty Official Inmate Grievances and requesting Legal Property Exemptions[.]" ECF No. 148, ¶ 27.

### B.    Legal Standard

Motions for preliminary injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. It is well established that temporary or preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).

---

[3]     It appears as of March 24, 2026, King was provided with two PA DOC inmate photo IDs. *See* ECF No. 149, ¶¶ 2, 4

To obtain a preliminary injunction order, a movant "must satisfy the traditional four-factor test:  (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief."  *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017), *as amended* (June 26, 2017) (explaining the first two factors are necessary preconditions to preliminary equitable relief).  It is the movant's burden to show a likelihood of success on the merits.  *Campbell Soup Co. v. ConAgra Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

Preliminary injunctive relief "is not granted as a matter of right."  *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982).  Instead, the decision to grant or deny such relief is committed to the discretion of the district court.  *United States v. Price*, 688 F.2d 204, 210 (3d Cir. 1982).

For King to sustain his burden of proof that he is entitled to preliminary injunctive relief under Rule 65, he must demonstrate both a reasonable likelihood of success on the merits and irreparable harm if the requested relief is not granted. *See Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998); *Kershner*, 670 F.2d at 443. "As these elements suggest, there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "To establish a reasonable probability of success on the merits, the

4

moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action." *Sutton v. Cerullo,* No. 3:cv-10-1899, 2014 WL 3900235, at \*5 (M.D. Pa. Aug. 8, 2014).  To establish irreparable injury, "the moving party must establish that the harm is imminent and probable." *Stilp v. Contino*, 629 F. Supp. 2d 449, 466 (M.D. Pa. 2009), *aff'd and remanded*, 613 F.3d 405 (3d Cir. 2010).

## C.    Discussion

As noted above, King's allegations in the pending motions are (1) premised upon new claims of misconduct based on events that have occurred at SCI-Phoenix, (2) against individuals who are not parties to this action, and (3) have no connection to the claims in this lawsuit which involve events which allegedly occurred while King was housed at SCI-Fayette.  In the absence of a relationship between the injury claimed in the motions and conduct asserted in this lawsuit, King's motions improperly seek injunctive relief on impermissible and inappropriate bases.[4]  *See Ball*, 396 F. App'x at 837 (3d Cir. 2010) ("there must be 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325

---

[4]    Although the assertions raised in these motions might (or might not) support additional claims against prison officials at SCI-Phoenix, they cannot provide the basis for a preliminary injunction in the current lawsuit.  Therefore, should King wish to proceed on the claims set forth in these motions, he may do so in a separate lawsuit filed in United States District Court for the Eastern District of Pennsylvania where he is currently located. King is reminded that under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), he must first fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

U.S. 212, 220 (1945)) (a district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

## III.   Conclusion

For the above reasons, it is respectfully recommended King's three motions seeking injunctive relief be denied, ECF Nos. 142, 148, 149, and the motion to submit exhibits be denied as moot.  ECF No. 150.

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, King, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **June 8, 2026.**  The Correction Defendants, because they are electronically registered parties, must file objections, if any, by **June 3, 2026.**  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100

(3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 19th day of May, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    SHAWN KING
MM2246
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426
(via U.S. First Class Mail)

Margaret Potter
PA Office of Attorney General
(via ECF electronic notification)not parties.